IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Whelco Industrial Ltd.,                                    Case No. 3:05CV7141

      Plaintiff

  v.                                                                    ORDER

United States of America,

      Defendant

This is a quiet title action in which the plaintiff sought to remove or invalidate federal tax liens. Following a nonjury trial and post-trial briefing, I entered judgment in favor of the United States of America.

Pending are plaintiff's motions to alter or amend judgment [Doc. 41]and stay execution of judgment. [Doc. 42].

The stay shall be granted, though I have very serious reservations about the propriety of a motion to reconsider that seeks, by citing more than a dozen new cases, to have me re-do that which I already have done with the record created, briefs filed and cases cited by counsel.

Plaintiff's attorney claims that the cases he now cites – all of which were decided before he filed his post-trial brief – compel a different result than that which I reached when I relied on what he gave me before. He asserts that manifest error has occurred because I did not follow the law as set forth in those cases.

Counsel's approach is like that of a homeowner who gives a builder a set of plans and tools and, once the builder uses those plans and tools, insists that the whole thing be torn down and built with new plans and tools because he doesn't like the way the place looks.

So that I may have the benefit of the government's response to plaintiff's motion to reconsider, I shall grant the motion to stay execution of judgment. I do so only out of concern for the plaintiff, not because, at this point, I anticipate granting the motion for reconsideration. But I will see what the government has to say before deciding whether to overrule it.

Government counsel is to keep a record of the time expended on the response to plaintiff's motion. If I overrule the motion, government counsel will be directed to submit a statement of the hours expended, to which I then expect to apply the hourly rate charged plaintiff's counsel in this case, and thereon award costs and reasonable attorneys' fees to the government.

If the government concurs that the law, in light of the new cases belatedly called its attention and mine, compels a result different from that which I reached when I worked with what had been given me, it should say so. In which case, I may grant the motion to reconsider.

Even then, I might not grant the motion, and thereby choose to give the Circuit the opportunity to tell me whether District Judges are compelled in circumstances such as these, despite the impact on basic principles of finality, on the one hand, and pragmatic considerations, such as the finitude of my time, on the other, to correct an error that would not have occurred but for counsel's failure to have done his job in a timely and competent manner.[1]

After all, a client, where injured by a lawyer's failure to perform with that degree and level of skill and competence that the client properly expected, can recover his losses from the lawyer at fault for causing them in the first instance.

It is, therefore,

ORDERED THAT:

1. Plaintiff's motion for stay of execution be, and the same hereby is granted;

---

[1] In that circumstance, I would continue the stay of execution pending a ruling by the Circuit.

2. Defendant to respond to plaintiff's motion to alter or amend judgment by October 5, 2007; plaintiff to reply by October 15, 2007.

So ordered.

                                                                       s/James G. Carr
                                                                       James G. Carr
                                                                       Chief Judge